# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

**KARINA IVANYAN,**            ) Case No.
                               )
Plaintiff,                     ) **COMPLAINT AND JURY DEMAND**
                               )
v.                             )
                               )
**BARCLAYS BANK DELAWARE,**    )
                               )
Defendant.                     )
                               )

## NATURE OF ACTION

1. This is an action brought under the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Karina Ivanyan ("Plaintiff"), is a natural person who at all relevant

COMPLAINT - 1

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

times resided in the State of Washington, County of Snohomish, and City of Lynnwood.

5. Defendant, Barclays Bank Delaware ("Defendant"), is a major financial services provider engaged in personal banking, credit cards, and wealth and investment management.

**FACTUAL ALLEGATIONS**

6. Prior to July 2012, Plaintiff's mother, Galina Ivanyan, opened an account with Defendant and upon information and good-faith belief, provided Defendant with Plaintiff's cellular telephone number as a reference.

7. Plaintiff does not have an account with Barclays, did not co-sign on her mother's account, nor does Plaintiff otherwise have any pre-existing business relationship with Defendant.

8. In or before July 2012, Defendant began placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

9. On July 15, 2012, Plaintiff's husband, Alex, spoke with Defendant and orally demanded that Defendant cease and desist from placing any and all further telephone calls to Plaintiff's cellular telephone number.

10. On July 20, 2012, Plaintiff's husband again orally demanded that Defendant cease and desist from calling Plaintiff's cellular telephone number, and to call the home phone number shared by Plaintiff, Plaintiff's mother, and Plaintiff's husband, if Defendant needed to call.

11. Defendant placed calls to Plaintiff's cellular telephone number, including, but not limited to, on the following dates and approximate times:

　　1) July 17, 2012 at 4:50 A.M.;

COMPLAINT - 2

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

2)  July 18, 2012 at 4:55 A.M.;

3)  July 19, 2012 at 5:01 A.M.;

4)  July 20, 2012 at 5:05 P.M.;

5)  July 24, 2012 at 5:15 A.M.;

6)  July 27, 2012 at 4:35 A.M.;

7)  July 31, 2012 at 4:50 A.M.;

8)  August 2, 2012 at 4:35 A.M.;

9)  August 7, 2012 at 4:50 A.M.;

10) August 15, 2012 at 4:55 A.M.

11) August 17, 2012 at 5:01 A.M.;

12) August 24, 2012 at 6:45 A.M.;

13) August 27, 2012 at 6:15 A.M.;

14) September 3, 2012 at 4:55 A.M.;

15) September 4, 2012 at 4:35 A.M.;

16) September 6, 2012 at 6:00 A.M.;

17) September 7, 2012 at 5:30 A.M.;

18) September 8, 2012 at 5:36 A.M.;

19) September 9, 2012 at 12:05 P.M.;

20) September 9, 2012 at 1:05 P.M.;

21) September 10, 2012 at 5:30 A.M.;

22) September 10, 2012 at 5:35 A.M.;

23) September 10, 2012 at 11:14 A.M.;

24) September 11, 2012 at 5:20 A.M.;

25) September 13, 2012 at 6:00 A.M.;

26) September 14, 2012 at 6:25 A.M.;

27) September 15, 2012 at 6:15 A.M.;

28) September 17, 2012 at 6:18 A.M.; and

29) September 21, 2012 at 6:09 A.M.

12.     During several of the above-referenced calls, Defendant delivered a voicemail message to Plaintiff using an artificial or pre-recorded voice.

COMPLAINT - 3

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

13. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

14. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

15. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

16. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

17. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

18. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

19. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

20. Upon information and good-faith belief, Defendant had knowledge that it was leaving voicemail messages using an artificial or prerecorded voice in several of the telephone calls identified above.

21. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

### COUNT I
### VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

22. Plaintiff repeats and re-alleges each and every factual allegation above.

COMPLAINT - 4

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

23.     Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 7th day of November, 2012.

> s/Jon N. Robbins
> Jon N. Robbins (WSB# 28991)
> WEISBERG & MEYERS, LLC
> Attorney for Plaintiff

COMPLAINT - 5

WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com